# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 13-0648** (Webster County 13-F-8)

**Ronald Ward,**
**Defendant Below, Petitioner**

**FILED**

August 29, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Ronald Ward's appeal, by counsel Michael W. Asbury Jr., arises from the Circuit Court of Webster County, which sentenced petitioner to four to twenty years in prison by order entered on September 13, 2013 for his guilty plea to felony possession of substances to be used as precursor to manufacture methamphetamine under West Virginia Code § 60A-10-4(d). The State, by counsel Laura Young, filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred by enhancing his sentence under West Virginia Code § 60A-4-408.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, petitioner was indicted on three counts: (1) felony conspiracy; (2) felony operation of a clandestine lab; and (3) felony possession of substances to be used as precursor to manufacture methamphetamine, in violation of West Virginia Code § 60A-10-4(d). In April of 2013, petitioner pled guilty to Count Three under an agreement with the State that the other two counts would be dismissed and that the State would make a non-binding recommendation to the circuit court to double petitioner's sentence. The State based this recommendation on petitioner's conviction in Nicholas County on a prior drug felony, and on West Virginia Code § 60A-4-408, which directs that "any person convicted of a second or subsequent offense under this chapter [60A], may be imprisoned for a term up to twice the term otherwise authorized[.]" When petitioner pled guilty, he acknowledged his understanding that the circuit court could possibly double his sentence as directed by West Virginia Code § 60A-10-4(d), from two to ten year in prison to four to twenty years in prison. Ultimately, the circuit court sentenced petitioner to four to twenty years in prison, with credit for time served, by order entered in September of 2013. From this order, petitioner now appeals.

1

Petitioner's sole argument on appeal is that the circuit court erred by enhancing his sentence under West Virginia Code § 60A-4-408. Petitioner concedes that the circuit court had the discretion to enhance his sentence, but asserts that the enhancement was unwarranted and excessive. Petitioner argues that the circuit court did not consider mitigating factors, such as his cooperativeness with law enforcement and other authorities.

We review sentencing orders under the following standard:

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2001). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater,* 222 W.Va. 499, 665 S.E.2d 674 (2008).

We find no abuse of discretion by the circuit court. Our review of the record reveals no dispute that petitioner's guilty plea to felony possession of substances to be used as precursor to manufacture methamphetamine, in violation of West Virginia Code § 60A-10-4(d), was his second offense under Chapter 60A of the West Virginia Code. Therefore, petitioner was sentenced within statutory limits. Nor do we find that the circuit court otherwise violated the West Virginia Code or Constitution, or that it based petitioner's sentence on an impermissible factor.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II